UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

BOBBY HAYES,

                              Plaintiff,

     -against-

COUNTY OF NASSAU, DANIEL CONCANNON, Individually,
ROBERT GALGANO, Individually, and JOHN and JANE DOE
1 through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                              Defendants.
-------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

<u>Jury Trial Demanded</u>

      Plaintiff BOBBY HAYES, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

### VENUE

    4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff BOBBY HAYES is a forty-one-year-old man residing in Queens, New York.

7. Defendant COUNTY OF NASSAU was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant COUNTY OF NASSAU maintains the Nassau County Police Department (hereinafter "NCPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, COUNTY OF NASSAU.

9. That at all times hereinafter mentioned, the individually named defendants, DANIEL CONCANNON, ROBERT GALGANO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the COUNTY OF NASSAU.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant COUNTY OF NASSAU.

## FACTS

12. On July 12, 2018, at approximately 1:15 a.m., plaintiff BOBBY HAYES was lawfully walking in the Capri Motel parking lot, located at 434 Hempstead Turnpike, West Hempstead, New York.

13. Mr. Hayes had just checked into the hotel and was carrying items from his vehicle into the hotel, when defendant NCPD officers DANIEL CONCANNON and ROBERT GALGANO pulled into the parking lot in an unmarked police vehicle, exited the vehicle, and told plaintiff to stop.

14. Defendants CONCANNON and GALGANO had no justification for stopping or detaining plaintiff, who was not engaged in any crime or offense.

15. Rather, as evidenced by statements made by defendants during their encounter with plaintiff, defendants stopped plaintiff because they recognized him from a 2014 interaction plaintiff had with the NCPD.

16. In particular, in 2014 plaintiff was arrested by NCPD officers and thereafter filed a lawsuit in 2015 alleging civil rights violations arising from that arrest.

17. Plaintiff's 2014 arrest and related lawsuit was covered by the media outlets, including Newsday, and as a result of said lawsuit and media coverage, it was revealed that NCPD officers had lied to justify plaintiff's 2014 arrest as confirmed by cell phone video of the incident which directly contradicted the officers' false sworn allegations which formed the basis for plaintiff's 2014 arrest.[1]

18. During plaintiff's encounter with defendants CONCANNON and GALGANO on July 12, 2018, said defendants made inappropriate comments and referred to plaintiff as the

---

[1] *See e.g.*, https://projects.newsday.com/long-island/bobby-hayes-case-study/; https://www.newsday.com/long-island/nassau/bobby-hayes-files-claim-against-nassau-after-charges-dropped-1.7826021.

notorious Bobby Hayes while patting him down.

19. Defendants proceeded to falsely accuse plaintiff of possessing an open container of alcohol and throwing a knife on the ground.

20. Both allegations were false and fabricated as Mr. Hayes neither had any open container of alcohol, nor did he possess or throw a knife.

21. Defendants CONCANNON and GALGANO arrested plaintiff without probable cause, and otherwise in retaliation for plaintiff's prior exercise of his right to free speech via the filing of his previous lawsuit.

22. Handcuffs were placed on plaintiff's wrists and he was and imprisoned in a police vehicle.

23. Plaintiff was thereafter transported to Nassau County's 5th Precinct Stationhouse where he was imprisoned in a cell.

24. While at the precinct, the defendants continued making jokes and played the song "Notorious B.I.G." by Biggie Smalls in plaintiff's vicinity.  Defendants' actions were offensive and further compounded the emotional distress plaintiff was suffering as a result of being deprived of his liberty without justification or probable cause.

25. While at the 5th Precinct, plaintiff initially refused to be fingerprinted or photographed because he disputed the propriety of his arrest and the officers' treatment of him.

26. In retaliation, defendants CONCANNON and GALGANO punched plaintiff several times in the ribs and stomach, and caused plaintiff's head to strike a wall.  Plaintiff was then again imprisoned in a cell.

27. Plaintiff requested medical treatment and was informed that if he continued to refuse to be processed he would remain in the cell and would not receive medical treatment.

28. Plaintiff thereafter consented to being processed and was processed by a NCPD officer not involved in his arrest.

29. Mr. Hayes was thereafter transported by ambulance to Nassau University Medical Center for treatment in the emergency room, where he was diagnosed with a right sided non-displaced rib fracture.

30. Defendants CONCANNON and GALGANO continued to imprison plaintiff until his arraignment on July 12, 2018, when plaintiff was arraigned in Nassau County Criminal Court on a baseless felony charge of criminal possession of weapon in the third degree, filed under docket number 17853-18; said charges having been filed based on the false allegations of defendant GALGANO, who conspired with defendant CONCANNON to provide false information and evidence to the Nassau County District Attorney's Office (hereinafter "NCDAO").

31. The defendants' false allegations, which resulted in plaintiff's arrest and prosecution, included that: (1) plaintiff possessed an open bottle of alcohol; and (2) that plaintiff had thrown a gravity knife on the ground.

32. Defendants also fabricated inculpatory statements that they attributed to plaintiff and which they also forwarded to NCDAO.

33. Said false evidence was used against plaintiff and formed the basis of the criminal charges filed against plaintiff.

34. The defendant officers initiated said prosecution with malice, and otherwise caused the prosecution to be commenced against plaintiff without probable cause.

35. As a result of said prosecution and false allegations bail was set at plaintiff's arraignment.

36. Plaintiff posted bail on July 12, 2018 and was released.

37. On July 16, 2018, the felony charge was reduced to criminal possession of a weapon in the fourth degree, a misdemeanor.

38. Over the ensuing year, the malicious prosecution compelled plaintiff to return to criminal court on approximately twelve occasions, including for a hearing, at which time defendant GALGANO again reiterated under oath all of the false allegations detailed above.

39. Thereafter, on June 10, 2019, the remaining misdemeanor charge was also dismissed and sealed, otherwise terminated in favor of Mr. Hayes.

40. Defendants CONCANNON, GALGANO, and JOHN and/or JANE 1 through 10 either directly participated in or supervised the use of force, false arrest, manufacturing of evidence, and/or malicious prosecution of plaintiff or failed to intervene in said constitutional violations despite being present for and/or aware that said violations were occurring.

41. As a result of the defendants conduct plaintiff suffered, *inter alia*, pain and suffering including a rib fracture and pain to his torso and head, loss of liberty, and emotional distress.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the COUNTY OF NASSAU, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or practices of arresting individuals without probable cause, falsification, and use of excessive force.

44. The aforesaid event is not an isolated incident. Defendant COUNTY OF NASSAU is aware from lawsuits, including plaintiff's 2015 lawsuit, notices of claims, complaints filed against NCPD, and media coverage that many NCPD officers, including the defendants, are insufficiently trained regarding the use of force and engage in a practice of falsification.

45. Defendant COUNTY OF NASSAU is further aware that such improper training has often resulted in a deprivation of civil rights as well as physical injuries to civilians. Despite such notice, defendant COUNTY OF NASSAU has failed to take corrective action. This failure caused the officers in the present case to violate plaintiff's civil rights.

46. Moreover, upon information and belief, defendant COUNTY OF NASSAU was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant COUNTY OF NASSAU has retained these officers, and failed to adequately train and supervise them.

47. As a result of the foregoing, plaintiff BOBBY HAYES sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants arrested plaintiff BOBBY HAYES, without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical

restraints.

50. Defendants caused plaintiff BOBBY HAYES to be falsely arrested and unlawfully imprisoned.

51. As a result of the foregoing, plaintiff BOBBY HAYES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff BOBBY HAYES' constitutional rights.

54. As a result of the aforementioned conduct of defendants, plaintiff BOBBY HAYES was subjected to excessive force and sustained physical and emotional injuries.

55. As a result of the foregoing, plaintiff BOBBY HAYES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants initiated, commenced and continued a malicious prosecution against

plaintiff BOBBY HAYES.

58. Defendants caused plaintiff BOBBY HAYES to be prosecuted without probable cause until the charges were dismissed and sealed on or about June 10, 2019.

59. As a result of the foregoing, plaintiff BOBBY HAYES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants created false evidence against plaintiff BOBBY HAYES.

62. Defendants forwarded this false evidence to NCDAO and said evidence was utilized against plaintiff BOBBY HAYES in legal proceedings.

63. As a result of defendants' creation and use of false evidence, plaintiff BOBBY HAYES suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution, and suffered a deprivation of his liberty.

64. As a result of the foregoing, plaintiff BOBBY HAYES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(First Amendment Claim under 42 U.S.C. § 1983)

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. The acts of the defendant officers were in retaliation for plaintiff's exercise of his First Amendment freedom of speech and expression, and not in response to any unlawful acts of plaintiff.

67. As a result of the aforementioned conduct of defendants, plaintiff was subjected to retaliation for the exercise of his First Amendment rights.

68. As a result of the foregoing, plaintiff BOBBY HAYES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

71. The defendants failed to intervene to prevent the unlawful conduct described herein.

72. As a result of the foregoing, plaintiff was subjected to excessive force, his liberty was restricted, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

73. As a result of the foregoing, plaintiff BOBBY HAYES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

74. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

76. As a result of the foregoing, plaintiff BOBBY HAYES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

79. The aforementioned customs, policies, usages, practices, procedures and rules of NCPD included, but were not limited to, subjecting citizens to excessive force, arresting individuals without probable cause and engaging in a practice of falsification to cover up their abuse of authority. In addition, the COUNTY OF NASSAU engaged in a policy, custom or

practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the COUNTY OF NASSAU to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant COUNTY OF NASSAU has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

80. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

81. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

82. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

83. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU plaintiff BOBBY HAYES was subjected to excessive force, falsely arrested, unlawfully imprisoned, and maliciously prosecuted.

84. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

85. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

  B. To be free from false arrest/unlawful imprisonment;

  C. To be free from excessive force;

  D. To be free from the fabrication of evidence;

  E. To be free from malicious prosecution; and

  F. To be free from the failure to intervene.

  86. As a result of the foregoing, plaintiff BOBBY HAYES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

  **WHEREFORE**, plaintiff BOBBY HAYES demands judgment and prays for the following relief, jointly and severally, against the defendants:

  (A) full and fair compensatory damages in an amount to be determined by a jury;

  (B) punitive damages against the individual defendants in an amount to be determined by a jury;

  (C) reasonable attorneys' fees and the costs and disbursements of this action; and

  (D) such other and further relief as appears just and proper.

Dated: New York, New York
    July 12, 2021

                BRETT H. KLEIN, ESQ., PLLC
                Attorneys for Plaintiff BOBBY HAYES
                305 Broadway, Suite 600
                New York, New York 10007
                (212) 335-0132

          By: *Brett Klein*
                BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X

BOBBY HAYES,

                                    Plaintiff,

      -against-

COUNTY OF NASSAU, DANIEL CONCANNON, Individually, ROBERT GALGANO, Individually, and JOHN AND JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                    Defendants.
----------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

<u>Jury Trial Demanded</u>

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132